**Nelda FRENCH and Irene Finley, Appellants (Intervenors below),**

**v.**

**Louis POULOS and Helen Poulos, Husband and Wife, Appellees (Plaintiffs below),**

**and**

**W. H. Kincaid, and, if he be dead, his unknown heirs, devisees, assignees and grantees, (Defendants below).**

**No. 3648.**

Supreme Court of Wyoming.

May 9, 1968.

———◆———

Bruce P. Badley, Sheridan, for appellants.

Jack Wolfe, Sheridan, for appellees.

Mr. Chief Justice HARNSBERGER delivered the opinion of the court.

Plaintiffs sought quieting of their title to property, the record title of which was in the name of W. H. Kincaid, claiming they were its owners in fee simple and in possession. Service upon defendants by publication was undertaken, but none of the defendants named answered as such. However, Nelda French and Irene Finley were permitted to intervene, and, after denying allegations of plaintiffs' complaint, claimed title to the property by adverse possession.

At the conclusion of the trial the court dismissed the entire action, declaring both plaintiffs and intervenors had failed to discharge their respective burdens of proof.

Summarized, there was evidence to the effect that plaintiff Helen Poulas was a granddaughter of W. H. Kincaid, who died in 1924, and that she and her plaintiff husband had paid taxes on the property in 1966. Further evidence indicated that Clyde Mitchell, his wife Bessie, and their daughters Irene (Finley), and Nelda (French), went to live with and care for W. H. Kincaid in 1915; that in 1932 the Mitchells separated, and in 1939 they were divorced; that thereafter Bessie Mitchell, who had remained upon the property after the death of W. H. Kincaid and after her divorce from Mitchell, married one Bill James who continued to reside with Bessie upon the property until 1958; that Bessie gave persons named Howell permission to move onto the property; that the Howells paid rent to Bessie and also to the Office of Price Administration; that persons named Roadifer and others lived on the property; that taxes against the property had been levied in the name of W. H. Kincaid or his estate, but at times had been paid by Bessie or her spouses.

As stated by the court when dismissing the action, plaintiffs' only evidence tended to show that Mrs. Poulos might be one of the heirs at law of W. H. Kincaid, which was insufficient to meet plaintiffs' burden of proof.

With respect to the intervenors, their evidence merely showed their predecessors went upon the property by Kincaid's implied permission and consent, which was likewise insufficient to discharge their burden of proof.

All litigants having failed to establish any title to the property, the action of the district court was correct, and its judgment of dismissal must be affirmed.

Affirmed.